UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY ROBINSON, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| CREDIT ONE BANK, N.A., | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, ANTHONY ROBINSON, by and through his attorneys, and for his Complaint against the Defendant, CREDIT ONE FINANCIAL, N.A., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises under a law of the United States, the TCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Wickliffe, Ohio.

5. On information and belief, Defendant is a national banking association which has its principal place of business in Las Vegas, Nevada.

6. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

7. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

## BACKGROUND FACTS

8. During or about December of 2019, Defendant began placing telephone calls to Plaintiff on his cellular telephone number ending in -8577, in attempts to collect an alleged outstanding debt.

9. Shortly after Plaintiff began receiving these calls, Plaintiff answered one of the calls and asked Defendant's representative who was on the line that Defendant cease placing these calls to him.

10. Despite Plaintiff's request that Defendant cease placing these telephone calls to him, Defendant has continued to place the calls to Plaintiff's cellular telephone, often placing multiple calls to Plaintiff per day.

11. When Plaintiff answered Defendant's calls, he would hear a pause, followed by a pre-recorded voice asking him to hold, before a live representative would come on the line, which is indicative of the use of an automatic telephone dialing system.

12. Defendant used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and an "artificial or prerecorded voice," as set forth in 47 U.S.C. § 227(b)(1)(A), to place its calls to Plaintiff seeking to collect the debt allegedly owed by Plaintiff.

13. Defendant's calls constituted calls that were not for emergency purposes as set forth by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service, as set forth in 47 U.S.C. § 227(b)(1)(A)(iii).

15. Despite Plaintiff's requests that Defendant cease placing calls to his cellular telephone, Defendant placed numerous such calls to him after Plaintiff's requests were made.

16. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

17. On information and belief, Defendant routinely uses an automatic telephone dialing system and/or an artificial and/or prerecorded voice in the collection of debts in the ordinary course of its business.

18. Plaintiff did not give Defendant his express consent, invitation, or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded voice. In the alternative, any prior express consent, invitation, or permission which Plaintiff may have given Defendant to contact him in this manner was terminated and revoked as set forth above.

19. The TCPA, specifically 47 U.S.C. § 227(b)(1), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

20. Defendant's telephone calls to Plaintiff's cellular telephones utilizing an automatic telephone dialing system, and/or artificial or prerecorded voice, for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1).

21. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

3

    c.    Wasting Plaintiff's time;

    d.    Risk of personal injury due to interruption and distraction when receiving unwanted telemarketing calls from Defendant;

    e.    Depletion of Plaintiff's cellular telephone battery;

    f.    The cost of electricity to recharge Plaintiff's cellular telephone battery; and

    g.    Stress, aggravation, emotional distress, mental anguish, and similar categories of damages..

### COUNT I
### NEGLIGENT VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)(1)

22. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 21 above as if reiterated herein.

23. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and 47 U.S.C. § 227(b)(1).

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

25. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

<u>**COUNT II**</u>
<u>**KNOWING AND/OR WILLFUL VIOLATION OF THE**</u>
<u>**TELEPHONE CONSUMER PROTECTION ACT**</u>
<u>**47 U.S.C. § 227(b)(1)**</u>

26. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 25 above as if reiterated herein.

27. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and 47 U.S.C. § 227(b)(1).

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to including 47 U.S.C. § 227(b)(3).

29. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

b. Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

c. Judgment against Defendant for statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

d. Judgment against Defendant for Plaintiff's court costs and other litigation costs; and

e. Any other relief deemed appropriate by this Court.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

ANTHONY ROBINSON

By:    /s/ David B. Levin
        Attorney for Plaintiff
        Ohio Attorney No. 0059340
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, IL 60062
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com