**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY ROBINSON,** | **CASE NO. 1:20-CV-00492** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **CREDIT ONE BANK, N.A.,** | |
| **Defendant.** | **MEMORANDUM OF OPINION AND ORDER** |

This matter comes before the Court upon the Motion to Compel Arbitration of Defendant Credit One Bank, N.A. ("Credit One").  (Doc. No. 7.)  Plaintiff Anthony Robinson ("Robinson") filed a brief in opposition to Credit One's Motion to Compel Arbitration on May 29, 2020, to which Credit One replied on June 5, 2020.  (Doc. Nos. 8, 10.)  For the following reasons, Credit One's Motion to Compel Arbitration (Doc. No. 7) is GRANTED.

On March 3, 2020, Robinson filed a Complaint against Credit One, setting forth two claims based on Credit One's alleged violations of the Telephone Consumer Protection Act ("TCPA"). (Doc. No. 1.)  In response, Credit One filed a Motion to Compel Arbitration, arguing that Robinson's claims are subject to an arbitration provision contained in a Cardholder Agreement between the parties.  (Doc. No. 7-1 at 2-3.)  Accordingly, Credit One requests that the Court compel Robinson to submit his claims to arbitration and dismiss the case, or, alternatively, stay the case pending the conclusion of arbitration.  (*Id.* at 9.)  Robinson does not dispute that his claims are subject to arbitration and does not object to having his claims against Credit One decided in an arbitration proceeding, but requests that the matter be stayed, rather than dismissed.  (Doc. No. 8 at 1.)

The Federal Arbitration Act ("FAA") provides that an arbitration clause in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "This provision establishes 'a liberal federal policy favoring arbitration agreements.'" *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

If a court finds that a party's claims are referable to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. "Notwithstanding the plain language of the statute, however, the Sixth Circuit has interpreted section 3 as permitting dismissal of cases in which all claims are referred to arbitration." *1st Choice Auto Brokers, Inc. v. Credit Acceptance Corp.*, No. 2:06-CV-816, 2007 WL 2079722, at *2 (S.D. Ohio July 17, 2007); *accord Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (affirming dismissal and rejecting argument that "9 U.S.C. § 3 requires district courts to stay suits pending arbitration rather than dismiss them"); *Hensel v. Cargill, Inc.*, No. 99-3199, 1999 WL 993775, at *4 (6th Cir. Oct. 19, 1999) ("[L]itigation in which all claims are referred to arbitration may be dismissed."); *Bd. of Trustees of Metrohealth Sys. v. Eramed, LLC*, No. 1:09 CV 2645, 2010 WL 3239011, at *7 (N.D. Ohio Aug. 16, 2010) ("[B]ecause all of the claims are subject to arbitration, a dismissal, rather than a stay, is warranted.").

In this case, there is no dispute that all of Robinson's claims are subject to arbitration. As such, the dismissal of this action, rather than a stay pending the conclusion of arbitration, is appropriate.

Relying on *Hilton v. Midland Funding, LLC*, 687 F. App'x 515 (6th Cir. 2017), Robinson argues that the FAA requires courts to stay proceedings pending arbitration when a party requests a stay, as he has here. (Doc. No. 8 at 1.) However, multiple courts have rejected this argument. For example, in *Kelch v. Pyramid Hotel Grp.*, the court explained:

> *Hilton* concluded that a district court did not err in dismissing a case, after referring the claim asserted therein to arbitration, as the plaintiff had not "appl[ied]" for (*i.e.*, asked for) a stay (as opposed to a dismissal) in the first place. *Id.* at 518–19 (noting that such an application is a basic prerequisite to obtaining a stay under the FAA). Given its focus on this threshold matter, *Hilton* did not reach (and thus did not alter) the longstanding principle, espoused in *Hensel*, *Ozormoor*, and numerous other Sixth Circuit decisions, that a case "in which all claims are referred to arbitration may be dismissed."

No. 1:18-cv-707, 2020 WL 489237, at *3 n.5 (S.D. Ohio Jan. 30, 2020) (citations omitted); *see also Aqua-Chem, Inc. v. Bariven, S.A.*, No. 3:16-cv-553, 2018 WL 4870603, at *4 (E.D. Tenn. Mar. 16, 2018) ("[T]he Court finds dismissal is warranted despite the holding in *Hilton*."). Thus, the Court finds Robinson's argument unpersuasive. Because Robinson provides no support for a stay beyond his request and because all of Robinson's claims are subject to arbitration, dismissal is warranted.

For the reasons set forth above, Credit One's Motion to Compel Arbitration (Doc. No. 7) is GRANTED. The parties are COMPELLED to arbitrate all claims set forth in the Complaint in accordance with the arbitration provision in the Cardholder Agreement between Credit One and Robinson, and all claims against Credit One are hereby DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: June 17, 2020

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

3